# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40273**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Mori N. ESEMOTO**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 20 April 2023

————————————

*Military Judge:* Elijah F. Brown.

*Sentence:* Sentence adjudged on 2 February 2022 by GCM convened at Holloman Air Force Base, New Mexico. Sentence entered by military judge on 7 April 2022: Bad-conduct discharge, confinement for 209 days, and a reprimand.

*For Appellant:* Major Abhishek S. Kambli, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Major Deepa M. Patel, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, ANNEXSTAD, and GOODWIN, *Appellate Military Judges*.

Judge GOODWIN delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

GOODWIN, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge and two specifications of wrongfully using controlled substances in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a, and one charge and specification of wrongfully broadcasting an intimate visual image in violation of Article 117a, UCMJ, 10 U.S.C. § 917a.[1,2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 209 days, and a reprimand. Appellant submitted no clemency request to the convening authority.

The convening authority took no action on the sentence. The military judge signed an entry of judgment reflecting the findings and sentence. Appellant raises two issues before this court pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) whether his trial defense counsel was ineffective by waiving an illegal pretrial confinement motion, and (2) whether his sentence is inappropriately severe.

We have carefully considered issue (1) and conclude it requires no discussion and warrants no relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987). Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

Appellant was stationed at Holloman Air Force Base, New Mexico, at the time of the offenses for which he was convicted. On 5 June 2021, Airman First Class (A1C) AA, Appellant's former technical school classmate, saw a video Appellant had posted on one of his social media pages. This story caused A1C AA to suspect Appellant had used cocaine at the time of the video's recording. A1C AA forwarded a recording of this video to her supervisor. Eventually, the video was forwarded to Air Force Office of Special Investigations (AFOSI) agents. AFOSI agents interviewed Appellant, who denied having used cocaine. Appellant did, however, admit to visiting an adult entertainment venue where the entertainers were using cocaine. AFOSI agents received authorization to search Appellant's urine.

AFOSI agents interviewed other Airmen who were with Appellant at the adult entertainment venue. While no one stated that they saw Appellant using

---

[1] All references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Specification 1 charged wrongful use of cocaine and Specification 2 charged wrongful use of marijuana.

cocaine, A1C SN saw one of the entertainers vaping tetrahydrocannabinol (THC) oil with Appellant's vape pen and Appellant using the pen later. On 16 June 2021, Appellant's urine test returned positive for metabolites of both cocaine and marijuana. A few days after his positive test results, Appellant admitted to coworkers that he knew he was going to get in trouble because his test result indicated a high level of cocaine, that he had only used cocaine once, and that the cocaine made him feel better. During the guilty plea inquiry, Appellant stipulated that he had intentionally inhaled cocaine and THC oil.[3]

On 9 June 2021, SB met Appellant. The two of them had a consensual sexual relationship. In late June or early July 2021, Appellant filmed a sexual act between the two of them. Although SB knew Appellant was recording the act and did not object, she did not give Appellant permission to post the video publicly or on social media or permit others to view it. After making the recording, Appellant posted the video to his social media account where his "friends" on the social media application were able to view it. Two of SB's coworkers saw the video, and one of them reported the video to the chain of command. The Airmen who saw the video recognized Appellant and SB, whose face was visible.

## II. DISCUSSION

Appellant argues his sentence of a bad-conduct discharge, 209 days' confinement, and a reprimand was unduly severe. In support of his argument, Appellant points to the lack of evidence regarding divers use, manufacture, or distribution of drugs. Appellant also points to SB having consented to the sexual act and the recording of the sexual act, and the limited audience of Appellant's social media "friends" who could view the recording. Appellant also points to his positive personal characteristics and the fact that he had already served 209 days of pretrial confinement at the time of sentencing. Because Appellant has already served his confinement sentence, he requests we disapprove the adjudged bad-conduct discharge. We are not persuaded Appellant's sentence is unduly severe and accordingly deny relief.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only . . . the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the of-

---

[3] During the guilty plea inquiry, Appellant told the military judge that he "knew it was marijuana" he used, and he knew "THC to be a component of marijuana."

fense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). Although we have broad discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

During sentencing, Appellant introduced only his unsworn statement. SB also provided an unsworn statement discussing the impact Appellant's distribution of the intimate video had on her. Appellant's adjudged confinement was 209 days—equal to time served in pretrial confinement as well as the minimum allowed under his plea agreement—whereas his plea agreement allowed for up to nine months of confinement. The maximum term of confinement for the offenses of which Appellant was convicted was nine years.

We have given individualized consideration to Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. We conclude the sentence is not inappropriately severe.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59 and 66(d), UCMJ, 10 U.S.C. §§ 859, 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court